IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRI LYNN McCLOSKEY

                Plaintiff,

    v.

RONALD J. TOMALIS, SECRETARY,
PENNSYLVANIA DEPARTMENT OF
EDUCATION, in his official and
individual capacities; JAMESTOWN
AREA SCHOOL DISTRICT; and
SHANE S. MURRAY,
SUPERINTENDENT, JAMESTOWN
AREA SCHOOL DISTRICT, in his
official and individual capacities,

              Defendants.

C.A. No.

COMPLAINT OF
UNCONSTITUIONALITY

JURY TRIAL DEMANDED

## COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

### INTRODUCTION

Plaintiff brings this action to vindicate fundamental principles under the

Constitutions of the United States and the Commonwealth of Pennsylvania, namely,

that crimes committed in the distant past, for which the ex-offender has long since

served her sentence, cannot give birth decades later to newly created punishments. At

issue in this case is a 2011 amendment to the Pennsylvania Public School Code, known

as "Act 24" (24 P.S. § 1-111).[1] Act 24 purports to authorize the summary forfeiture of

Plaintiff's career as a school bus driver, despite the absence of any rational relationship

between Plaintiff's conduct and job performance on the one hand, and the ostensible

---

[1] Act of March 10, 1949 ("Public School Code"), P.L. 30, No. 14, § 111, *as amended*,
Act of June 30, 2011, P.L. 112, No. 24, § 1, effective September 28, 2011.

goal of safeguarding children on the other. For decades since completing all aspects of her sentence, Plaintiff has been an upstanding and law-abiding citizen. Throughout her entire life, she has never posed a risk to children. That the Pennsylvania legislature would now seek to disbar her from her chosen career, a quarter century after the completion of her parole, is as shocking as it is unconstitutional.

This lawsuit asserts that Act 24, facially and as applied, violates multiple provisions of the United States Constitution, including the Fourteenth Amendment's guarantees of due process and equal protection; Article I, Section 10's prohibitions on ex post facto laws, bills of attainder, and laws impairing the obligations of contract; the Eighth Amendment's prohibition on excessive fines; and the Fifth Amendment's protection against double jeopardy. For similar reasons, this lawsuit asserts that Act 24 violates corresponding provisions of the Pennsylvania Constitution (including Article 1, Sections 1, 10, 13, and 17), which secure the right of due process, and forbid double jeopardy punishments, excessive fines, ex post facto laws, retroactive applications of law, and laws impairing the obligations of contract.  Accordingly, Plaintiff seeks legal and equitable relief, including the entry of a permanent injunction against enforcement of Act 24.

**JURISDICTION**

1.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2201 over Plaintiff's federal claims, which are made actionable by 42 U.S.C. § 1983. Plaintiff requests that the Court assume supplemental jurisdiction over her claims arising under state law, pursuant to 28 U.S.C. § 1367.

**PARTIES**

2.      Plaintiff, Terri Lynn McCloskey ("McCloskey"), resides in the Western District of Pennsylvania.

3.      Defendant, Ronald J. Tomalis, is the Secretary of Education for the Commonwealth of Pennsylvania, a cabinet level position. Secretary Tomalis is the highest ranking official of the Pennsylvania Department of Education ("PDE"). Pursuant to statutory authority set forth at 71 P.S. § 352(a), PDE is mandated to administer the Public School Code and, as specifically pertains to this case, the amendments contained in Act 24.

4.      Defendant, Jamestown Area School District ("the District"), is a governmental entity in Mercer County, Pennsylvania which provides education services to residents living within its political limits.

5.      Defendant, Shane S. Murray ("Murray"), is the Superintendent of the Jamestown Area School District. At all times relevant hereto, Murray was responsible for the day-to-day operation of the District, and the implementation of its policies and practices.

**FACTS**

**A.      Background facts concerning Plaintiff McCloskey**

6.      In October 1985, McCloskey, who was then 22 years old, sold 5.5 grams of marijuana to an undercover police officer. As a result of this offense, McCloskey pled guilty on May 5, 1986 to one count of felony possession with intent to deliver, as

proscribed by Section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-113(a)(30)(hereafter, "Controlled Substance Act").[2]

7.      On May 30, 1986, McCloskey was sentenced to 2-12 months of incarceration, and fined $250.00. On the very same day, she was granted work release. On July 28, 1986, two months following the imposition of sentence, the court ordered McCloskey paroled.

8.      McCloskey successfully completed all aspects of her sentence, and was released from parole on June 15, 1987.

9.       In 2004, eighteen years after her conviction, McCloskey was hired as a driver by Frye, Inc. ("Frye"), a busing company that provides transportation services to school districts in the Greenville, PA area.

10.     From the time of McCloskey's hire, continuing to the present, the District has contracted with Frye to provide transportation services to District students.

11.     For the entirety of her career with Frye, McCloskey drove buses that transported District students.

12.     At the time of her hire, McCloskey met all of the requirements for the bus driver's position, including possession of a commercial driver's license, which authorized the holder to operate a school bus within the Commonwealth of Pennsylvania.

13.     When McCloskey applied for the position at Frye, she disclosed her criminal record. She also submitted to a criminal background check, which verified her criminal conviction. As McCloskey's prior conviction posed no legal barrier to working with school children, Frye hired her.

_____

[2] As further explained, *infra*, § 111(e)(2) of Act 24 designates McCloskey's 1985 offense as one which bars McCloskey from employment "in a public . . . school."

14.    Throughout her tenure with Frye, McCloskey was regarded as an excellent employee. She was well liked by her students, her co-workers and her boss, all of whom considered her to be reliable, compassionate and hard working.

15.    As part of her employment with Frye, McCloskey submitted to random drug testing. Her test results were consistently and uniformly negative.

16.    At all times pertinent to this case, the District was aware of McCloskey's prior conviction. Prior to the passage of Act 24, McCloskey's past conviction did not disqualify her from working as a bus driver for the School District.

17.    On January 3, 2012, the District Superintendent, Shane Murray, sent a letter to Frye stating that, pursuant to the recently enacted Act 24, McCloskey's prior conviction constituted a lifetime ban from employment in Pennsylvania's public schools. Murray then wrote, "On the advice of legal counsel, and my legal responsibilities under Act 24, I am writing to inform you that Terri Lynn McCloskey may no longer drive for our district. Please remove her from our list of approved drivers as soon as possible."

18.    After receiving Murray's letter, Frye terminated McCloskey's employment.

19.    Frye would not have terminated McCloskey but for Murray having described in his January 3rd letter the purported lifetime ban on her employment as a public school bus driver, arising as a result of Act 24.


### B.    Background facts regarding § 111 of the public school code and the amendments made to section § 111(e) by Act 24 of 2011

20.    Prior to 1985, Pennsylvania law contained no provision regarding the impact of an individual's criminal conviction on school employment. That situation changed with the enactment of Act 34 of 1985, which established a limited bar on prospective

employment based on an applicant's criminal history. Act 34 amended the Public

School Code by adding a new provision, § 111, entitled "Background Checks of

Prospective Employes." Pub. L. No. 129, No. 34, § 1 (codified as amended at 24 P.S. §

1-111). A copy of Act 34 is attached as **Exhibit 1**. Five sections of Act 34 are most

pertinent to this case, and are described in the following paragraphs.

21.     First, § 111(a) of Act 34 specified that the amendment applied to prospective, but

not current, employees: "This section shall apply to all *prospective* employes of public

and private schools, . . . including independent contractors and their employes . . . "

(emphasis added). Pub. L. No. 129, No. 34, § 1.[3]

22.     Second, § 111(b) created a criminal history reporting requirement, which obliged

school administrators to require prospective employees, as well as independent

contractors who wished to hire a new employee, to first obtain and furnish to school

administrators a report from the Pennsylvania State Police detailing the applicant's

criminal history. Pub. L. No. 129, No. 34, § 1.[4]

23.     Third, § 111(e) of Act 34 listed a series of specific offenses, and prohibited the

employment of any person who had been convicted of one of the listed offenses within

the past five (5) years. Pub. L. No. 129, No. 34, § 1.[5] Notably, the list did not include the

offense to which McCloskey had pled guilty in 1986, felony possession with intent to

deliver in violation of the Controlled Substance Act.

24.     Fourth, § 111(h) of Act 34 exempted existing employees, regardless of their

criminal histories, from the reporting requirement:

---

[3] This provision remains in force. See, 24 P.S. § 1-111(a.1) (2011).
[4] This provision remains in force. See, 24 P.S. § 1-111(b) (2011).
[5] The Act 24 amendments eliminated the language restricting the employment
moratorium to five years. See, 24 P.S. § 1-111(e) (2011).

(h)    No person employed in a public or private school on the effective date of this section shall be required to obtain the information required herein as a condition of continued employment. Any person who has once obtained the information required under this section may transfer to another school in the same district or established and supervised by the same organization and shall not be required to obtain additional reports before making such transfer.

Pub. L. No. 129, No. 34, § 1.[6]

25.    Fifth, § 111(g) vested enforcement powers in the Pennsylvania Department of Education. Accordingly, the Department was now authorized to impose civil penalties of up to $2,500 per willful violation of the Act, against any administrator or other school employee responsible for hiring decisions.[7]

26.    In 1988, the General Assembly amended the Public School Code through passage of Act 191 (Pub. Law No. 1907, No. 191, § 527)(codified as amended at 24 P.S. § 5-527). In contrast to Act 34's focus on prospective employees, Act 191 required the termination of *existing* employees for certain violations of the Controlled Substance Act occurring during the course of their employment. Additionally, Act 191 required school governing bodies to enforce these terminations:

Section 527. Drug Law Convictions. – Any employe, professional or otherwise, of a school district, intermediate unit or area vocational-technical school who is convicted of delivery of a controlled substance or convicted of possession of a controlled substance with the intent to deliver, as prohibited by the act of April 14, 1972 (P.L.233, No.64), known as "The Controlled Substance, Drug, Device and Cosmetic Act," *shall be terminated from his or her employment with the school entity. The governing body of the school entity shall enforce this section.*

---

[6] The Act 24 amendments of 2011 eliminated the first sentence of paragraph (h) and, although not pertinent to this case, slightly expanded the scope of the second sentence's transfer provision. See, 24 P.S. § 1-111(h) (2011).

[7] This provision remains in force. See, 24 P.S. § 1-111(g)(1) (2011).

24 P.S. § 5-527(a)(emphasis added)[8]. Notably, however, the General Assembly did not remove the exemption from criminal history reporting which, per § 111(h), still applied to existing employees. A copy of Act 191 is attached as **Exhibit 2**.

27.      Two years later, in 1990, the General Assembly amended § 111 and § 527 through passage of Act 211 (Pub. Law No. 1362, No. 211, § 1)(codified as amended at 24 P.S. §§ 1-111 & 5-527). The amendment broadened the scope of § 527's summary termination provision for existing employees, so that a conviction for any of the offenses listed at § 111(e) during the course of employment would also require termination:

> Section 527. Drug Law Convictions.
>
> * * *
>
> (b)      Notwithstanding any other provisions of this act [the Public School Code] *any person subject to this section who, while employed* in a public or private school, intermediate unit or area vocational-technical school, *is convicted of any of the offenses enumerated in subsection (e) of section 111 of this act shall be immediately terminated from such employment*.

24 P.S. § 5-527(b)(emphasis added)[9]. The amendment also added felony convictions under the Controlled Substance Act to § 111(e)'s list of disqualifying offenses:

> Section 111. Background Checks of Prospective Employes; Conviction of Employes of Certain Offenses
>
> * * *
>
> (e)      No person subject to this act shall be employed in a public or private school, intermediate unit or area vocational-technical school where the report of criminal history record information indicates the applicant has been convicted, within five (5) years immediately preceding the date of the report, of any of the following offenses:
>
> * * *

---

[8] This provision remains in force. See, 24 P.S. § 5-527(a) (2011).
[9] This provision remains in force. See, 24 P.S. § 5-527(b) (2011).

> (2) An offense designated as a felony under the act of April 14, 1972 P.L.233, No. 64), known as "The Controlled Substance, Drug, Device and Cosmetic Act."

As indicated above, Act 211 also lengthened the title of § 111, so that it now explicitly referenced "employees" in addition to "prospective employees," and also added analogous out-of-state and federal offenses to the list of disqualifying convictions (codified at 24 P.S. § 1-111(e)(3)). Once again, however, the General Assembly did not remove the exemption from criminal history reporting which, per § 111(h), still applied to existing employees. A copy of Act 211 is attached as **Exhibit 3**.

28.     Between Act 211 in 1990 and Act 24 in 2011, the General Assembly enacted several additional amendments to the Public School Code, none of which altered the essential features of the amendments dating to 1985, namely: (1) that school employment was barred for prospective employees during the five years following conviction for any of the offenses listed at § 111(e); (2) that convictions of existing employees during the course of their employment for any of the listed offenses would lead to termination.

29.     In 2011, the General Assembly enacted Act 24, which went into effect on September 28, 2011. Pub. L. No. 112, No. 24, § 1 (codified at 24 P.S. § 1-111). Act 24 introduced expansive and sweeping changes to the existing regime. Gone was Act 34's five year moratorium on employment of applicants with disqualifying convictions. In its place, Act 24 instituted a lifetime ban, *for both existing as well as prospective employees*, for a conviction of any of § 111(e)'s listed offenses, regardless of date. Gone as well was the disqualification restricted to analogous out-of-state or federal offenses, replaced by a provision disqualifying anyone convicted of an analogous

offense under any state or federal law, or under the law of any nation, regardless of the due process afforded to the accused by the justice system in question, and regardless of whether the foreign nation had even survived into the present day. In addition, the exemption from criminal history reporting applicable to existing employees was also removed. The text of the enacted law, indicating the deleted and added language (respectively, in strike-out and bold), is as follows:

Section 111. Background of Prospective Employes; Conviction of Employes of Certain offenses

(e)     No person subject to this act shall be employed in a public or private school, intermediate unit or area vocational-technical school where the report of criminal history record information indicates the applicant has been convicted, within (5) years immediately preceding the date of the report, of any of the following offenses:

(1)     An offense under one or more of the following provisions of Title 18 of the Pennsylvania Consolidated Statutes [subsection (e)(1) then lists twenty-six offenses under the Criminal Code, only nine of which specifically relate to crimes involving a minor child]:

* * *

(2)     An offense designated as a felony under the act of April 14, 1972 (P.L. 233, No. 64), [FN2] known as "The Controlled Substance, Drug, Device and Cosmetic Act."

(3)     An out-of-State or Federal offense similar in nature to those crimes listed in clauses (1) and (2) **under the laws or former laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation, or under a former law of this Commonwealth**.

* * *

(h)     No person employed in a public or private school on the effective date of this section shall be required to obtain the information required herein as a condition of continued employment. Any person who has once obtained the information required under this section may transfer to **or provide services to** another school in the same district, **diocese or religious judicatory** or established

10

and supervised by the same organization and shall not be required to obtain additional reports before making such transfer.

Pub. L. No 11, No. 24, § 1 (codified at 24 P.S. § 1-111). A copy of Act 24 is attached as

**Exhibit 4**.

30.　　In addition, Act 24 of 2011 also added new subsections (f.1) and (j) to § 111.

Section 111(f.1) establishes time-limited bars to employment in public or private

schools, as follows:

a.　　§ 111(f.1)(1) bars school employment to individuals convicted of first, second or third degree felonies that are not listed in Subsection (e) for ten years following completion of the sentence imposed;

b.　　§ 111(f.1)(2) bars school employment to individuals convicted of first degree misdemeanors that are not listed in sub-section (e) for five years following completion of the sentence imposed; and

c.　　§ 111(f.1)(3) bars school employment to individuals convicted of DUI offenses graded as first degree misdemeanors for three years following completion of the sentence imposed.

31.　　For its part, § 111(j) directs PDE to develop a standardized form to be distributed

to all current and prospective school employees, requiring them to indicate whether they

were ever arrested or convicted of a § 111(e) offense. 24 P.S. § 1-111(j).

32.　　In addition, § 111(j)(2) requires "all current employees" to complete and submit

the above-referenced PDE form to their employers no later than December 27, 2011,

i.e., 90 days following Act 24's effective date. 24 P.S. § 1-111(j)(2).

33.　　Finally, §111(j)(7) threatens employees who fail to submit the forms as required

with criminal prosecution under 18 Pa.C.S. § 4904, for unsworn falsification to

authorities. 24 P.S. § 1-111(j)(7).

34.　　At no point throughout the evolution of § 111 has the General Assembly ever

provided aggrieved employees with a civil proceeding or other remedy by which an

individual's fitness for school employment could be demonstrated notwithstanding the existence of a prior conviction of one of the listed offenses.

35.     In sum, the regime created by Act 24 requires termination of an existing employee regardless of whether his or her conviction occurred years prior to employment; regardless of whether the facts of the conviction were fully vetted by the employer prior to hiring; regardless of the length and quality of service provided by the employee; and regardless of whether the employee has ever posed a specific risk to students. Thus, by its own terms, Act 24 not only stigmatizes previous offenders, but also frustrates their efforts to achieve rehabilitation, while depriving them of the means to earn a living. Act 24 accomplishes these ends without establishing a nexus between an employee's prior offense and the state's legitimate interest in ensuring the safety of students, and without establishing any recourse for the affected employee.

 

        **C.      The Department of Education's interpretation and implementation of Act 24.**

36.     Following the Act 24 amendments, PDE developed and published a reporting form known as Form PDE-6004, "Arrest/Conviction Report and Certification." A copy of Form PDE-6004 is attached as **Exhibit 5**.

37.     In addition to promulgating Form 6004, PDE also published its interpretation of the Act 24 amendments in a Basic Education Circular entitled, "Background Checks: Background Checks of Prospective Employees; Conviction of Employees of Certain Offenses, Act 24 of 2011 Changes to 24 P.S. §1-111" (hereafter "Act 24 BEC"). A copy of the Act 24 BEC is attached as **Exhibit 6**.

38.     In the Act 24 BEC, the Department restated the history of § 111 of the School

Code, and noted that "The Act 24 amendments to Section 111 are designed to enhance

the safety of students. These changes include additions to the list of the most severe

offenses contained in subsection (e), *for which there is now a lifetime ban on*

*employment* . . ." **Ex. 6 at 2** (emphasis added). The BEC then summarized the

amendments made to § 111 by Act 24 of 2011, and included recommendations

regarding the reporting of prior arrests and convictions on the Form-6004. The BEC also

cited PDE's authority under § 111 to assess civil penalties of up to $2,500 for willful

violations, and threatened administrators with educator discipline proceedings if they

willfully failed to ensure that employees had submitted the required PDE-6004 forms.

**Ex. 6 at 2; 5.**

39.     In the Act 24 BEC, the Department also provided its interpretation of the

amendment's effect on the continued employment of existing employees, such as

McCloskey, who were convicted of § 111(e) offenses years before their employment in

the schools. In essence, according to PDE, following the employee's mandated

disclosure of *any* prior conviction for an offense listed at § 111(e), the employee was to

be fired:

> The amendments also increase the period of disqualification for Section 111(e)
> offenses. The previous version of the law prohibited a school employee from
> being employed where the school employee's background check showed that the
> school employee had been convicted of a Section 111(e) offense within five (5)
> years of the date of the background check. *Under Act 24, a person convicted of a*
> *Section 111(e) offense is permanently excluded from school employment if he or*
> *she has been convicted of a Section 111(e) offense at any time.*
>
>                                    * * *
>
> Section 111(e) states that "no person subject to this act shall be employed" in a
> school where a criminal background report indicates he/she has been convicted

13

of a Section 111(e) offense. *If a PDE-6004 indicates a conviction for a Section 111(e) offense, the administrator should initiate termination proceedings in accordance with local procedure*.

**Ex. 6 at 3; 6.**

40.    In other words, PDE has interpreted the Act 24 amendments to Section 111(e) to require local schools and their independent contractors—including, respectively, the District and Frye—to immediately initiate termination proceedings against any employee—including McCloskey—who had ever been convicted of a Section 111(e) offense. Thus, as is the case with the letter of Act 24, PDE's corresponding interpretation fails to articulate a nexus between an ex-offender's decades-old offense and the state's interest in providing for student safety, leaving ex-offenders stigmatized by their now unearthed offenses, and without recourse for the state's burdening of their efforts to remain rehabilitated and financially secure.

41.    Upon information and belief, PDE has also informed school officials across the Commonwealth that if they do not initiate termination proceedings against current employees previously convicted of a § 111(e) offense, the Department will move to sanction the school officials responsible for failing to act.

42.    As is evident from Murray's January 3, 2012 letter to Frye, the District has adopted PDE's interpretation of Act 24, on the basis of which the District ordered the immediate termination of McCloskey's services.

43.    McCloskey has been grievously harmed as a consequence of the above actions. She has been denied the right to work in her chosen profession, and now finds herself, nearly a quarter century after her parole, stigmatized once again as a person unfit to engage in the normal occupations of life. The loss of her job has rendered her unable to

14

provide financially for herself and her family. As a result of the Defendants' actions, she

has experienced severe pain and suffering, including emotional distress, anxiety,

humiliation, embarrassment, and has been deprived of the enjoyment of life.

## CAUSES OF ACTION

**Count I – McCloskey v. All Defendants – Violation of rights guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibiting classifications unrelated to legitimate governmental interests.**

44.     All previous paragraphs are incorporated by reference.

45.     The Defendants' actions as described above demonstrate that McCloskey has

suffered the termination of her career as a consequence of Act 24's and PDE's

classification of McCloskey, solely on the basis of her 1986 conviction, as unfit to

continue providing transportation services to District students.

46.     Such classification of McCloskey is not rationally related to Pennsylvania's

legitimate interest in securing the safety of students.

47.     Such classification is in derogation of rights guaranteed by the Due Process

Clause of the Fourteenth Amendment of the United States Constitution.

WHEREFORE, Plaintiff respectfully requests that this Court: (1) declare the Act

24 amendments to § 111(e) unconstitutional, facially, and as applied to McCloskey; (2)

preliminarily and permanently enjoin the Defendants from any act taken in enforcement

of those same amendments; (3) order the Defendants to take all necessary steps to

remove the badges and incidents of McCloskey's prior conviction as they relate to her

fitness to maintain employment in the schools; and (4) award McCloskey all legal relief as is just and appropriate.

**Count II – McCloskey v. All Defendants – Violation of rights guaranteed by the Fourteenth Amendment of the United States Constitution to equal protection of the laws.**

48.    All previous paragraphs are incorporated by reference.

49.    The Fourteenth Amendment explicitly prohibits a state from denying "any person within its jurisdiction the equal protection of the laws."

50.    McCloskey is a member of a distinct class of individuals who have been convicted of a crime listed in § 111(e) of the Pennsylvania Public School Code.

51.    As such, McCloskey is a member of a discrete and insular minority which has been singled out by Act 24 for illegitimate punishment.

52.    Defendants intentionally discriminated against McCloskey based upon her membership in the class of persons having prior criminal convictions, by permanently barring McCloskey from ever working as a bus driver in any school district in the Commonwealth.

53.    Defendants barred McCloskey from continuing to transport District students solely on the basis of her conviction a quarter century ago. This, despite that McCloskey's conviction bears no relation to her job performance while employed with Frye, nor to her suitability to continue providing transportation services to District students.

54.    McCloskey disclosed her prior conviction eight years ago when Frye hired her. During the intervening period, she has been a model employee.  McCloskey has

consistently demonstrated her ability to transport students in a manner that poses no threat to student safety, notwithstanding her prior conviction.

55.    The termination of McCloskey's position as a District bus driver does not rationally relate to any legitimate state interest or purpose. Removing McCloskey from her position as a bus driver does not enhance student safety. McCloskey has proven that she is not a recidivist, and it is impossible for any of the Defendants to identify a single risk posed by McCloskey's continued employment.

56.    By permanently barring McCloskey from ever working as a District bus driver, or as a bus driver for any school district within the Commonwealth, the Defendants, in conjunction with Act 24, have violated the Fourteenth Amendment's guarantee of equal protection of the laws.


WHEREFORE, Plaintiff respectfully requests that this Court: (1) declare the Act 24 amendments to § 111(e) unconstitutional, facially, and as applied to McCloskey; (2) preliminarily and permanently enjoin the Defendants from any act taken in enforcement of those same amendments; (3) order the Defendants to take all necessary steps to remove the badges and incidents of McCloskey's prior conviction as they relate to her fitness to maintain employment in the schools; and (4) award McCloskey all legal relief as is just and appropriate.

**Count III – McCloskey v. All Defendants – Violation of rights guaranteed by Article I, Section 10 of the United States Constitution prohibiting punishments by ex post facto laws.**

57.     All previous paragraphs are incorporated by reference.

58.     The lifetime termination of McCloskey's employment as a provider of transportation services to District students, at PDE's direction, in conjunction with Act 24, imposes an ex post facto punishment on her. The punishment is criminal in nature. It arises solely as a consequence of McCloskey's conviction for one of the listed offenses, the original punishment for which she long ago completed. The subsequent punishment imposed on McCloskey stigmatizes her by exhuming a criminal history that was long in repose. It disables her from employment solely on that basis and, by depriving her of the means to provide for herself and her family, has the purpose or effect of returning her to her prior unrehabilitated state.

59.     The result of Defendants' actions in conjunction with Act 24 violates the prohibition on ex post facto punishments set forth at Article I, Section 10 of the United States Constitution.

        WHEREFORE, Plaintiff respectfully requests that this Court: (1) declare the Act 24 amendments to § 111(e) unconstitutional, facially, and as applied to McCloskey; (2) preliminarily and permanently enjoin the Defendants from any act taken in enforcement of those same amendments; (3) order the Defendants to take all necessary steps to remove the badges and incidents of McCloskey's prior conviction as they relate to her fitness to maintain employment in the schools; and (4) award McCloskey all legal relief as is just and appropriate.

**Count IV – McCloskey v. All Defendants – Violation of rights guaranteed by Article I, Section 10 of the United States Constitution prohibiting punishments pursuant to bills of attainder.**

60.     All previous paragraphs are incorporated by reference.

61.     Article I, Section 10 of the United States Constitution provides that "No State shall . . . pass any bill of Attainder."

62.     The United States Supreme Court has held that under the Bill of Attainder Clause, legislatures are forbidden to engage in "[l]egislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial." *U.S. v. Brown*, 381 U.S. 437, 448-49 (1965).

63.     Act 24 inflicts punishment on ex-offender employees without providing any means by which an aggrieved employee could demonstrate his or her fitness to work in the schools. Accordingly, Act 24 constitutes a bill of attainder, in violation of Article I, Section 10.


        WHEREFORE, Plaintiff respectfully requests that this Court: (1) declare the Act 24 amendments to § 111(e) unconstitutional, facially, and as applied to McCloskey; (2) preliminarily and permanently enjoin the Defendants from any act taken in enforcement of those same amendments; (3) order the Defendants to take all necessary steps to remove the badges and incidents of McCloskey's prior conviction as they relate to her fitness to maintain employment in the schools; and (4) award McCloskey all legal relief as is just and appropriate.

**Count V – McCloskey v. All Defendants – Violation of rights guaranteed by Article I, Section 10 of the United States Constitution prohibiting laws impairing the obligations of contract.**

64.     All previous paragraphs are incorporated by reference.

65.     Article I, Section 10 of the United States Constitution provides that "No State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . . "

66.     Defendants, in conjunction with Act 24, substantially impaired—in fact destroyed—McCloskey's contract of employment with Frye. But for Murray's January 3, 2012 letter to Frye, McCloskey would still be employed.

67.     Furthermore, Act 24 was not enacted until eight years into the life of McCloskey's contract.

68.     No legitimate or reasonable purpose can be demonstrated in support of Defendants' and Act 24's destruction of McCloskey's employment contract with Frye.

69.     Act 24 therefore constitutes a law impairing the obligation of contracts, in violation of Article I, Section 10.


        WHEREFORE, Plaintiff respectfully requests that this Court: (1) declare the Act 24 amendments to § 111(e) unconstitutional, facially, and as applied to McCloskey; (2) preliminarily and permanently enjoin the Defendants from any act taken in enforcement of those same amendments; (3) order the Defendants to take all necessary steps to remove the badges and incidents of McCloskey's prior conviction as they relate to her fitness to maintain employment in the schools; and (4) award McCloskey all legal relief as is just and appropriate.

**Count VI – McCloskey v. All Defendants – Violation of rights guaranteed by the Eighth Amendment of the United States Constitution prohibiting imposition of excessive fines.**

70.     All previous paragraphs are incorporated by reference.

71.     The Eighth Amendment of the United States Constitution provides that ". . . excessive fines [shall not be] imposed."

72.     By legislatively mandating the summary forfeiture of McCloskey's livelihood, on the basis of her conviction a quarter century ago, for an offense which has no rational relationship to her fitness for employment, Act 24 imposes an excessive fine which is criminal in nature.

73.     Defendants' implementation of Act 24's punishments violates the Eighth Amendment's prohibition on the imposition of excessive fines.


        WHEREFORE, Plaintiff respectfully requests that this Court: (1) declare the Act 24 amendments to § 111(e) unconstitutional, facially, and as applied to McCloskey; (2) preliminarily and permanently enjoin the Defendants from any act taken in enforcement of those same amendments; (3) order the Defendants to take all necessary steps to remove the badges and incidents of McCloskey's prior conviction as they relate to her fitness to maintain employment in the schools; and (4) award McCloskey all legal relief as is just and appropriate.

**Count VII – McCloskey v. All Defendants – Violation of rights guaranteed by the Fifth Amendment of the United States Constitution prohibiting double jeopardy punishments.**

74.    All previous paragraphs are incorporated by reference.

75.    The Fifth Amendment of the United States Constitution provides that "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb; . . . ."

76.    The double jeopardy clause of the Fifth Amendment prohibits multiple punishments for the same offense.

77.    The lifetime termination, at PDE's direction, of McCloskey's provision of transportation services to District students imposes a second, and thus multiple, punishment upon her. The punishment is criminal in nature. It arises solely as a consequence of McCloskey's conviction for one of the listed offenses, the original punishment for which she long ago completed. The subsequent punishment imposed on McCloskey stigmatizes her by exhuming a criminal history that was long in repose. It disables her from employment solely on that basis and, by depriving her of the means to provide for herself and her family, has the purpose or effect of returning her to her prior unrehabilitated state.

78.    Such punishments are in violation of the Fifth Amendment's prohibition against the imposition of multiple punishments for the same offense.

WHEREFORE, Plaintiff respectfully requests that this Court: (1) declare the Act 24 amendments to § 111(e) unconstitutional, facially, and as applied to McCloskey; (2) preliminarily and permanently enjoin the Defendants from any act taken in enforcement of those same amendments; (3) order the Defendants to take all necessary steps to

remove the badges and incidents of McCloskey's prior conviction as they relate to her

fitness to maintain employment in the schools; and (4) award McCloskey all legal relief

as is just and appropriate.


### Count VIII – McCloskey v. All Defendants – Violation of due process rights guaranteed by Article I, Section 1, of the Pennsylvania Constitution prohibiting classifications unrelated to legitimate governmental interests.

79.     All previous paragraphs are incorporated by reference.

80.     Article I, Section I of the Pennsylvania Constitution states:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

81.     Pennsylvania's appellate courts have consistently interpreted Article I, Section I

as guaranteeing an individual's right to engage in the common occupations of life and

have applied a rational basis review to any infringements upon this right.

82.     Both the letter of Act 24, and PDE's corresponding interpretation, impose a

lifetime ban on employment in public or private schools upon individuals with specified

pre-employment convictions, regardless of when the conviction occurred, and

regardless of the employee's fitness to perform the job in a manner that does not pose a

risk to student safety.

83.     Section 111(e)'s lifetime bar is a per se and absolute prohibition, which fails to

distinguish between different types of § 111(e) convictions.

84.     The District and Murray based the decision to terminate McCloskey's services

solely on PDE's interpretation of § 111(e). Neither the District nor Murray ever

considered whether McCloskey's conviction bore any relation to her job performance or her fitness to continue providing transportation services to District students.

85.     There is no rational relationship between McCloskey's 1986 conviction and her fitness to transport District students as an employee of Frye.

86.     Accordingly, the Defendants' actions, in conjunction with Act 24, are in violation of the Pennsylvania Constitution.

WHEREFORE, Plaintiff respectfully requests that this Court: (1) declare the Act 24 amendments to § 111(e) unconstitutional, facially, and as applied to McCloskey; (2) preliminarily and permanently enjoin the Defendants from any act taken in enforcement of those same amendments; (3) order the Defendants to take all necessary steps to remove the badges and incidents of McCloskey's prior conviction as they relate to her fitness to maintain employment in the schools; and (4) award McCloskey all legal relief as is just and appropriate.

**Count IX – McCloskey v. All Defendants – Violation of due process rights guaranteed by Article I, Section 1, of the Pennsylvania Constitution prohibiting retroactive application of the laws.**

87.     All previous paragraphs are incorporated by reference.

88.     The Pennsylvania Supreme Court has recognized that the Pennsylvania Constitution's guarantee of due process protects citizens against unreasonable retroactive application of a statute. Retroactive laws are considered unreasonable if they impair contracts or disturb vested rights.

89.     The General Assembly did not amend § 111(e) to include McCloskey's offense until 1988, more than two years after her conviction, and more than one year following the completion of her parole.

90.     Frye would not have terminated McCloskey's employment contract but for Murray's January 3, 2012 letter to Frye, in which Murray, on the basis of the Act 24 BEC, barred McCloskey from providing further transportation services to District students.

91.     The disqualification of McCloskey's continued service to the District, at PDE's direction, is not rationally related to any legitimate interest the Commonwealth might seek to advance under § 111(e). Therefore, McCloskey's right to continue providing transportation services outweighs the Defendants' interest in enforcing § 111(e).

92.     Defendants, in conjunction with Act 24, terminated McCloskey's right to continue providing transportation services based solely upon events occurring decades ago. McCloskey has been rendered retroactively unemployable, even though her service to the District prior to Act 24's 2011 enactment was entirely legal.

93.     The retroactive application of § 111(e) is unreasonable and as such violates McCloskey's due process rights under the Pennsylvania Constitution.


        WHEREFORE, Plaintiff respectfully requests that this Court: (1) declare the Act 24 amendments to § 111(e) unconstitutional, facially, and as applied to McCloskey; (2) preliminarily and permanently enjoin the Defendants from any act taken in enforcement of those same amendments; (3) order the Defendants to take all necessary steps to remove the badges and incidents of McCloskey's prior conviction as they relate to her

fitness to maintain employment in the schools; and (4) award McCloskey all legal relief as is just and appropriate.

**Count X – McCloskey v. All Defendants – Violation of rights guaranteed by Article I, Section 17 of the Pennsylvania Constitution prohibiting the legislative impairment of the obligations of contract.**

94.   All previous paragraphs are incorporated by reference.

95.   Article I, Section 17 of the Pennsylvania Constitution provides that "No . . . law impairing the obligation of contracts . . . shall be passed."

96.   For the reasons stated at Counts IV and VIII, *supra*, Defendants' actions, in conjunction with Act 24, have impaired McCloskey's rights pursuant to her contract of employment with Frye, and have left her unable to provide financially for herself and her family.


WHEREFORE, Plaintiff respectfully requests that this Court: (1) declare the Act 24 amendments to § 111(e) unconstitutional, facially, and as applied to McCloskey; (2) preliminarily and permanently enjoin the Defendants from any act taken in enforcement of those same amendments; (3) order the Defendants to take all necessary steps to remove the badges and incidents of McCloskey's prior conviction as they relate to her fitness to maintain employment in the schools; and (4) award McCloskey all legal relief as is just and appropriate.

**Count XI – McCloskey v. All Defendants – Violation of rights guaranteed by Article I, Section 17 of the Pennsylvania Constitution prohibiting imposition of ex post facto laws.**

97.    All previous paragraphs are incorporated by reference.

98.    Article I, Section 17 of the Constitution of the Commonwealth of Pennsylvania provides that "No ex post facto law . . . shall be passed."

99.    This limitation against ex post facto laws applies where a newly-enacted provision of law increases the punitive consequences, or inflicts a greater punishment, than was provided by the law at the time of the offense's commission.

100.    Pennsylvania courts apply a two-pronged test to determine whether a law is punitive or civil. First, a court must examine the legislature's intent. If the legislature intended to impose a civil consequence, then a court must determine whether the measure is "so punitive in purpose or effect as to negate the legislative intention to deem it civil." *Com. v. Abraham*, 996 A.2d 1090, 1093 (Pa. Super. 2010).

101.    As stated, *supra*, McCloskey served all aspects of her sentence and was released from parole on June 15, 1987, more than a year before the General Assembly amended § 111(e) to include McCloskey's offense.

102.    Thus, at the time of McCloskey's conviction, Pennsylvania law did not bar her employment in any school. Furthermore, when McCloskey applied for employment with Frye in 2004, § 111(e) only prescribed a five-year moratorium to employment for persons convicted of an offense under the Controlled Substance Act. Assuming that the moratorium could legally have been imposed on McCloskey (retroactively, given that her conviction predated the listing of her offense in § 111(e)), any such moratorium would have lapsed by May of 1991.

103.   Defendants' retroactive application § 111(e) to McCloskey imposes a penalty and burden upon her, above and beyond that which was prescribed at the time of her conviction and sentence.

104.   The lifetime termination of McCloskey's employment as a provider of transportation services to District students, at PDE's direction, in conjunction with Act 24, imposes an ex post facto punishment on her. Such punishment, moreover, is criminal in nature, and unduly harsh and excessive when compared to any legitimate non-punitive purpose that might be asserted. In addition, such punishment is not rationally related to any legitimate non-punitive purpose.

105.   Defendants' retroactive application of § 111(e) to McCloskey thus violates the Pennsylvania Constitution's prohibition against ex post facto laws.


        WHEREFORE, Plaintiff respectfully requests that this Court: (1) declare the Act 24 amendments to § 111(e) unconstitutional, facially, and as applied to McCloskey; (2) preliminarily and permanently enjoin the Defendants from any act taken in enforcement of those same amendments; (3) order the Defendants to take all necessary steps to remove the badges and incidents of McCloskey's prior conviction as they relate to her fitness to maintain employment in the schools; and (4) award McCloskey all legal relief as is just and appropriate.

**Count XII – McCloskey v. All Defendants – Violation of rights guaranteed by Article I, Section 10 of the Pennsylvania Constitution prohibiting imposition of double jeopardy punishments.**

106.   All previous paragraphs are incorporated by reference.

107.   Article I, Section 10 of the Pennsylvania Constitution provides that "No person shall, for the same offense, be twice put in jeopardy of life or limb."

108.   Pennsylvania's appellate courts recognize that Article 1, Section 10 prohibits multiple punishments for the same offense.

109.   The lifetime termination of McCloskey's employment as a provider of transportation services to District students, at PDE's direction, in conjunction with Act 24, imposes a second, and thus multiple, punishment upon her. The punishment is criminal in nature. It arises solely as a consequence of McCloskey's conviction for one of the listed offenses, the original punishment for which she long ago completed. The subsequent punishment imposed on McCloskey stigmatizes her by exhuming a criminal history that was long in repose. It disables her from employment solely on that basis and, by depriving her of the means to provide for herself and her family, has the purpose or effect of returning her to her prior unrehabilitated state.

110.   Such punishments are in violation of the Pennsylvania Constitution's prohibition on the imposition of double jeopardy punishments.

WHEREFORE, Plaintiff respectfully requests that this Court: (1) declare the Act 24 amendments to § 111(e) unconstitutional, facially, and as applied to McCloskey; (2) preliminarily and permanently enjoin the Defendants from any act taken in enforcement of those same amendments; (3) order the Defendants to take all necessary steps to

remove the badges and incidents of McCloskey's prior conviction as they relate to her fitness to maintain employment in the schools; and (4) award McCloskey all legal relief as is just and appropriate.

### Count XIII – McCloskey v. All Defendants – Violation of rights guaranteed by Article I, Section 13 of the Pennsylvania Constitution, prohibiting imposition of excessive fines.

111.    All previous paragraphs are incorporated by reference.

112.    Article I, Section 13 of the Pennsylvania Constitution provides that ". . . excessive fines [shall not be] imposed."

113.    Pennsylvania's appellate courts recognize that government-imposed forfeiture of property implicates the excessive fines clause of Article 1, Section 13 where there is no relationship between the offense committed and the property to be forfeited.

114.    There is no relationship in this case between McCloskey's offense, either in terms of its age or its nature, and McCloskey's employment contract, by which she was to provide transportation services to District students.

115.    The lifetime termination of McCloskey's employment as a provider of transportation services to District students, at PDE's direction, in conjunction with Act 24, imposes a forfeiture of the property rights she maintained in her employment with Frye, in violation of the Pennsylvania Constitution's prohibition on the imposition of excessive fines.

WHEREFORE, Plaintiff respectfully requests that this Court: (1) declare the Act 24 amendments to § 111(e) unconstitutional, facially, and as applied to McCloskey; (2)

preliminarily and permanently enjoin the Defendants from any act taken in enforcement of those same amendments; (3) order the Defendants to take all necessary steps to remove the badges and incidents of McCloskey's prior conviction as they relate to her fitness to maintain employment in the schools; and (4) award McCloskey all legal relief as is just and appropriate.

## REMEDIES

116.    McCloskey requests a trial by jury in this matter. She asks that the Court enter judgment in her behalf and against the Defendants. In addition to the equitable relief requested, above, McCloskey requests an award of compensatory damages, attorney fees, costs, and such other relief as is just and appropriate.


Respectfully submitted,


/s/ Edward A. Olds                              /s/ Timothy P. O'Brien
Edward A. Olds                                   Timothy P. O'Brien
PA ID No. 23601                                 PA ID No. 22104

/s/ Richard S. Matesic                          1705 Allegheny Building
Richard S. Matesic                               429 Forbes Avenue
PA ID No. 72211                                 Pittsburgh, PA 15219
                                                           412.232.4400
1007 Mount Royal Boulevard          412.232.3730 (fax)
Pittsburgh, PA 15223                         tpob@obrien-law.net
412.492.8975
412.492.8978 (fax)
edolds@earthlink.net
rs.matesic@verizon.net